IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BRENDA COATS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 5:12-CV-10 (MTT) |
| | ) | |
| BZ CREW, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on the Defendant's Motion to Dismiss. (Doc. 3). The Plaintiff, who does not disclose her race, claims she was discriminated against on the basis of her race. According to the Complaint, on June 30, 2010, the Plaintiff informed human resources she would be out of work pending the results of a myelogram examination. On July 29, the Plaintiff was informed Neal Grillot had terminated her because she should have returned to work on July 26. The Plaintiff believes she was discriminated against because Jason Young, a White male, allegedly made a racist comment to a presumably Black coworker in 1998. The Plaintiff received her Right to Sue notice on July 29, 2011, and filed this action in the Superior Court of Wilkinson County on November 7, 2011. The Defendant removed to this Court and moved to dismiss because the Plaintiff failed to state a claim and the action was untimely filed. The Plaintiff did not respond to the Motion despite the Court's order. (Doc. 4).

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual … because of such individual's race…." 42 U.S.C. § 2000e-

2(a)(1).  "[A]n unlawful employment practice is established when the complaining party demonstrates that race … was a motivating factor for any employment practice, even though other factors also motivated the practice."  42 U.S.C. § 2000e-2(m).  A plaintiff may establish discriminatory intent through direct or circumstantial evidence.  *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010).  To establish a prima facie case of discrimination through circumstantial evidence, a plaintiff must establish he was (1) a member of a protected class; (2) qualified for his current position; (3) subject to an adverse employment action; and (4) treated less favorably than a similarly-situated employee outside his protected group.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

      Here, the Plaintiff attempts to establish direct evidence by referencing a comment allegedly made by Young to another employee 12 years earlier.  However, this comment made 12 years earlier to another employee by someone who did not terminate the Plaintiff clearly cannot establish direct evidence of discrimination.  The Complaint also cannot establish circumstantial evidence of discrimination because the Plaintiff neither alleges her race nor alleges she was treated less favorably by someone outside her race.  Thus, because the Plaintiff has failed to establish direct or circumstantial evidence of discriminatory intent, the Motion must be granted.

      Further, pursuant to 42 U.S.C. § 2000e-5(f)(1), an action must be filed within 90 days of receipt of the Right to Sue notice.  A complaint may be dismissed even if it is filed one day late.  *Norris v. Florida Dept. of Health & Rehabilitative Servs.*, 730 F.2d 682 (11th Cir. 1984).  Here, the Plaintiff claims she received the notice July 29, 2011, and filed this action November 7, which is 101 days later.  The Plaintiff has provided no

reason why this time limitation should be tolled.  Therefore, the Complaint is barred by the statute of limitations and must be dismissed.

Accordingly, because the Plaintiff has failed to establish a prima facie case of racial discrimination and this action was not timely filed, the Motion is **GRANTED**.

**SO ORDERED**, this the 1st day of March, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT